I must respectfully dissent from the decision reached by the majority with respect to appellant's third assignment of error.
Appellant has asserted, and has substantiated such assertion with deposition testimony and supporting affidavits executed by witnesses, that the insurance agent, Linda Jackson, was aware of his pre-existing medical conditions and yet, chose not to properly provide this information in completing the insurance applications in question. Although I agree with the majority that appellant should be held to answer for his actions in signing the applications for insurance, thereby adopting and ratifying the answers and representations contained therein, I do not believe that appellant's actions automatically absolve Ms. Jackson of her alleged wrongful actions.
While appellant's actions in signing the insurance applications provided the insurer with the means necessary to cancel appellant's insurance policies in accordance with the auspices of R.C. 3923.14, such actions did not negate the existence of Ms. Jackson's fraudulent activity. I agree with the majority that Ms. Jackson's alleged actions cannot serve to bind the insurer to continue providing coverage to appellant, however, Ms. Jackson should not be indirectly aided, as is the result of the majority decision, by avoiding responsibility for her alleged actions. To allow Ms. Jackson to escape examination as to the extent of her involvement in providing misstatements concerning appellant's medical conditions to the insurer would be against public policy and the principle of fairness.
Viewing the facts regarding this issue in a light most favorable to appellant as the non-moving party, I find that there was a genuine issue of material fact as to the origin of the answers on the insurance applications, as well as whether or not Ms. Jackson had prior knowledge of appellant's medical conditions. Therefore, only with regards to appellant's third assignment of error, I would reverse the decision of the trial court granting summary judgment in favor of Ms. Jackson and would remand this matter for further proceedings before the trial.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE